**Opinion filed June 17, 2021**



# In The

# Eleventh Court of Appeals

_____

## No. 11-20-00290-CV

_____

## IN THE INTEREST OF P.M., A CHILD

**On Appeal from the 326th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 9855-CX**

## MEMORANDUM OPINION

This is an appeal from an order in which the trial court terminated the parental rights of the mother of P.M. The mother filed this appeal. On appeal, she presents a single issue in which she challenges the legal and factual sufficiency of the trial court's best interest finding. Because the evidence is sufficient to support the challenged finding, we affirm the trial court's order.

*Termination Standards and Findings*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2020). To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational

trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). We note that the trial court is the sole arbiter of the credibility and demeanor of witnesses. *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (citing *In re J.L.*, 163 S.W.3d 79, 86–87 (Tex. 2005)).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

In this case, the trial court entered an order of termination in which it found that Appellant had committed three of the acts listed in Section 161.001(b)(1). *See* FAM. § 161.001(b)(1)(E), (N), (O). Appellant does not challenge these findings on appeal. The trial court also found, pursuant to Section 161.001(b)(2), that

termination of Appellant's parental rights would be in the best interest of P.M. *See id.* § 161.001(b)(2). It is this finding that Appellant challenges on appeal.

*Evidence at Trial*

At the time of trial, P.M. was twelve years old and had been in the care of the Department of Family and Protective Services for almost one year. P.M. had been removed from Appellant's care after P.M. made an outcry that he had been sexually assaulted by a relative. The intake also included an allegation that Appellant was using drugs while P.M. was in her care. P.M. subsequently tested positive for methamphetamine, was removed from Appellant's care, and was placed in foster care. P.M.'s father was deceased.

The trial court ordered Appellant to participate in various services in order for P.M. to be returned to her care. Appellant did not comply. She failed to obtain a stable home or stable employment, attend parenting classes, go to the NOAH project, get in-patient treatment, obtain a psychological evaluation, and go to counseling. She also continued to use methamphetamine, testing positive at a "very, very high" level less than three weeks before the final hearing in this cause.

The record also shows that, throughout the case below, Appellant failed to maintain contact with the Department and that she had not addressed the reasons for removal. Additionally, Appellant had a long history with the Department that revealed a pattern of parenting issues. The past cases dealt not only with P.M. but also with Appellant's other children, who were not in Appellant's care at the time of P.M.'s removal—either because they had been placed elsewhere or because Appellant's parental rights had been terminated.

According to the permanency case manager, P.M. was doing very well in foster care. P.M. had been placed in a long-term foster home, but the Department's goal for P.M. was for him to be adopted—either by a relative or a nonrelative. The case manager believed that, even though P.M. desired to maintain contact with

Appellant, it would be in P.M.'s best interest for Appellant's parental rights to be terminated. She explained that Appellant and P.M. loved each other and were bonded but that not terminating Appellant's parental rights would leave P.M. in limbo indefinitely, "getting his hopes up over and over." Appellant's inability to be an appropriate parent and provide for P.M. guided the case manager's conclusion that termination would be in P.M.'s best interest. If Appellant's rights were terminated, P.M. would be available for adoption and, therefore, could be placed on the "TARE website." The case manager described P.M. as "a great kid" who "deserves a forever home." The trial court conferred with P.M. off the record.

*Best Interest—Analysis*

We note that the trier of fact is the sole judge of the credibility of the witnesses at a trial and that we are not at liberty to disturb the determinations of the trier of fact as long as those determinations are not unreasonable. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). Based upon the evidence in the record, as set forth above, and the *Holley* factors, we cannot hold that the trial court's best interest finding is not supported by clear and convincing evidence. *See Holley*, 544 S.W.2d at 371–72. We hold that the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in P.M.'s best interest. *See id.* Upon considering the record as it relates to the desires of the child, the emotional and physical needs of the child now and in the future, the emotional and physical danger to the child now and in the future, the parental abilities of those involved, the plans for the child by the Department, Appellant's continued use of methamphetamine, Appellant's long history with the Department, and the instability of Appellant's situation, we further hold that the evidence is legally and factually sufficient to support the trial court's finding that termination of Appellant's parental rights is in the best interest of P.M. *See id.* Accordingly, we overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the trial court's order of termination.


W. BRUCE WILLIAMS

JUSTICE


June 17, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.